# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:18CV-P127-GNS

**LESTER MILLER**                                                                 **PLAINTIFF**

v.

**HARDIN COUNTY JAIL** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Lester Miller filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff is a pretrial detainee at the Hardin County Jail (HCJ). He sues the HCJ; HCJ Jailer Danny Allen; and Jamie Motter and Robert Reynaldes, both identified as lieutenants at HCJ. He sues Defendants Allen, Motter, and Reynaldes in their official capacities only.

Plaintiff states that on February 2, 2018, at around 5:30 pm six inmates started a fire in a cell out of view of a camera. He reports that, as a result, everyone in his cell pod "was locked down in our cells so the Deputy's an Shift Leader could do a investigation." He maintains that at 3:00 am two non-Defendant deputies came to the pod having completed their investigation. Plaintiff states, "They had reviewed the cameras an knew exactly who was at falt an could clearly see that there was only 6 people who was involved. They passed out write-ups to them 6 an we was told it was over." However, Plaintiff asserts, "Later that morning around 8:00 am Deputy House came in an locked everyone down again. He said Lt. Motter was responcable. She wanted <u>everyone</u> locked down until Lt. Reynaldes came in on Monday an could sort it out."

(Emphasis by Plaintiff.) He states that the inmates asked to talk to Defendant Motter but their request was denied.

Plaintiff maintains that on February 4, 2018, his family made plans to take off work and bring his children to see him. He states that because his family members "work 12 hour days 7 days a week I had not seen any of them in over 3 ½ months." Plaintiff asserts that when they came on that Sunday, they were "turned away." He states, "In all this I and 12 other people were punished for somethin we had no involvement in. I belive that we were punished do to the fact that people who work at this jail belive that thay can do whatever thay want an that the rules dont apply to them." He further states, "I belive Mass Punishment is covered the Constitutional Rights of Prisoner and The Equal Protection Clause § 7.3."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of a letter of apology sent to his family and a transfer to Meade County Jail.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff sues HCJ and sues Allen, Motter, and Reynaldes in their official capacities only. HCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails,

3

are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Further, Hardin County is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against HCJ as a claim brought against Hardin County.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503. Therefore, the Court construes Plaintiff's official-capacity claims against Allen, Motter, and Reynaldes as brought against their employer, Hardin County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889

(6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was placed on lockdown on February 2, 2018, which was a Friday, until Monday and was denied visitation with his family members during that weekend. He asserts that he was told that Defendant Motter was responsible for ordering the lockdown. However, he does not allege that the action or inaction of any Defendant occurred as a result of a policy or custom implemented or endorsed by Hardin County. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claim against HCJ and his official-capacity claims against Allen, Motter, and Reynaldes will be dismissed for failure to state a claim upon which relief may be granted.

Even if Plaintiff had sued these Defendants in their individual capacities, however, the claims would still fail. Plaintiff refers to the Equal Protection Clause. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To establish a violation of the Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Washington v. Davis*, 426 U.S. 229 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256

5

(1979). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279. Plaintiff fails to identify his race or any other characteristic that would implicate an equal protection violation. Nor does Plaintiff allege an invidious, discriminatory intent on the part of Defendants to violate his constitutional rights because of his membership in a protected class. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279. Therefore, Plaintiff's equal protection claim must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also refers to "mass punishment." To the extent that he is alleging a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause,[1] the Eighth Amendment consists of objective and subjective components. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind . . . one of deliberate indifference." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

Plaintiff's weekend-long placement in lockdown does not constitute an extreme deprivation which could be characterized as punishment prohibited by the Eighth Amendment. "'Because placement in segregation is a routine discomfort that is a part of the penalty that

---

[1] Plaintiff is a pretrial detainee and not a convicted inmate. State pretrial detainees are protected from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). However, the rights of a pretrial detainee under the Fourteenth Amendment are analogous to those of convicted inmates under the Eighth Amendment. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005).

criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. Dec. 8, 2003)).

Moreover, Plaintiff's allegation that he was not allowed to have visitors during the lockdown does not change this analysis. *See, e.g.*, *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) ("[W]ithdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline . . . is not a dramatic departure from accepted standards for conditions of confinement."). Therefore, Plaintiff fails to state an Eighth Amendment claim.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: July 18, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.010